UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL MAJOR, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>STOCKER, SMITH, LUCIANI & STAUB, et al.,<br><br>        Defendants. | No. CV-09-0140-FVS<br><br>ORDER |

    Before the Court are Plaintiffs' motions to disqualify Judge Whaley (Ct. Rec. 2), for an order of default against Defendant Hodgson (Ct. Rec. 13), for summary judgment (Ct. Rec. 16), and for sanctions (Ct. Rec. 25). Plaintiffs are proceeding pro se. Defendants Stocker, Smith, Luciani & Staub and Bohrnsen & Stowe are represented by Steven Robert Stocker, Defendant Maxey Law Office is represented by Andrew Charles Bohrnsen, and Defendant Mark D. Hodgson, attorney at law, is representing himself.

**I.    Motion to Disqualify Judge**

    Upon filing the instant lawsuit, Plaintiffs instantly filed a motion requesting that Judge Whaley be disqualified from the case. (Ct. Rec. 2). Because this case has been assigned to the undersigned judicial officer, not Judge Whaley, Plaintiffs' motion to disqualify Judge Whaley (Ct. Rec. 2) is moot.

ORDER - 1

**II. Motion for an Order of Default**

On June 2, 2009, Plaintiffs filed a motion for an order of default against Defendant Mark D. Hodgson, citing his failure to submit an answer within 20 days of service of the complaint. (Ct. Rec. 13). However, Mr. Hodgson, an attorney, appeared on June 9, 2009, by joining in Defendants' pending joint motion to dismiss. (Ct. Rec. 18). Mr. Hodgson is not in default with respect to this lawsuit. *See* LR 55.1. Accordingly, Plaintiffs' motion for an order of default against Mr. Hodgson (Ct. Rec. 13) is DENIED.

**III. Motion for Summary Judgment**

On June 3, 2009, Plaintiffs submitted a motion for summary judgment. (Ct. Rec. 16). However, Plaintiffs failed to follow this Court's local rules pertaining to motion practice and motions for summary judgment. Specifically, Plaintiffs did not file a separate memorandum setting forth the points and authorities relied upon in support of the motion and failed to "set forth separately from the memorandum of law, and in full, the specific facts relied upon in support of the motion." *See* LR 7.1, 56.1. "A failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default." LR. 7.1(h)(5). Based on the foregoing, Plaintiffs' June 3, 2009, motion for summary judgment (Ct. Rec. 16) is DENIED.

///

///

ORDER - 2

**IV. Motion for Sanctions**

On June 16, 2009, Plaintiffs filed a motion for sanctions. (Ct. Rec. 25). Plaintiffs' basis for their request for sanctions is that Defendants "intend to have their motion to dismiss regarded as . . . a summary judgment motion." (Ct. Rec. 25). Plaintiffs cite "CR 56(g)" in support of their sanctions request. Fed. R. Civ. P. 56(g) provides that the Court must order sanctions if a party submits an affidavit "in bad faith or solely for delay." Plaintiffs have not alleged nor shown that an affidavit filed by Defendants was submitted in bad faith or solely for delay. Therefore, Plaintiffs' motion for sanctions (Ct. Rec. 25) is DENIED.

**V. Defendants' Joint Motion to Dismiss**

On June 9, 2009, Defendants jointly moved the Court to dismiss the instant matter for lack of jurisdiction. (Ct. Rec. 18). Defendants noted the motion for oral argument on July 9, 2009. (Ct. Rec. 20). However, pursuant to this Court's local rules, if a motion is dispositive, "the date of the hearing [shall be] at least fifty (50) days after filing of the motion." LR 7.1(h)(1). Moreover, if an opposing party is a civil pro se litigant, "the civil pro se litigant shall have thirty (30) days . . . within which to serve and file a responsive memorandum to the dispositive motion." LR 7.1(c).

While it appears that Plaintiffs have already filed their response to Defendants' motion to dismiss (Ct. Rec. 28), the hearing date noted by Defendants is out of compliance with this Court's local rules. Based on the lack of compliance by Defendants, and pursuant to this Court's authority under Local Rule 7.1(h)(3), the hearing on

ORDER - 3

Defendants' joint motion to dismiss is VACATED. The Court shall address the motion to dismiss, without oral presentation, on August 10, 2009.

The Court being fully advised, it is **HEREBY ORDERED AS FOLLOWS**:

1. Plaintiffs' motion to disqualify Judge Whaley (**Ct. Rec. 2**) is **DENIED as moot.**

2. Plaintiffs' motion for an order of default against Mr. Hodgson (**Ct. Rec. 13**) is **DENIED.**

3. Plaintiffs' motion for summary judgment (**Ct. Rec. 16**) is **DENIED.**

4. Plaintiffs' motion for sanctions (**Ct. Rec. 25**) is **DENIED.**

5. The hearing on Defendants' June 9, 2009, joint motion to dismiss is **VACATED**. The Court shall address the motion, without oral presentation, on **August 10, 2009.**

6. A scheduling conference shall be set, if necessary, following the Court's decision on Defendants' pending motion to dismiss.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and to Plaintiffs.

**DATED** this ___18th___ day of June, 2009.

                    S/Fred Van Sickle
                    Fred Van Sickle
        Senior United States District Judge