UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL MAJOR, et al.,

Plaintiffs,

v.

STOCKER, SMITH, LUCIANI & STAUB, et al.,

Defendants.

No. CV-09-0140-FVS

ORDER

**THIS MATTER** comes before the Court on Plaintiffs' motion for reconsideration of the Court's June 18, 2009 order (Ct. Rec. 34) and motion for relief from judgment (Ct. Rec. 39). Plaintiffs are proceeding pro se. Defendants Stocker, Smith, Luciani & Staub and Bohrnsen & Stowe are represented by Steven Robert Stocker, Defendant Maxey Law Office is represented by Andrew Charles Bohrnsen, and Defendant Mark D. Hodgson, attorney at law, is representing himself.

**PROCEDURAL BACKGROUND**

On June 18, 2009, the Court entered an order denying, as moot, Plaintiffs' motion to disqualify Judge Whaley, denying Plaintiffs' motions for an order of default, for summary judgment, and for sanctions and vacating and resetting the hearing on Defendants' motion to dismiss. (Ct. Rec. 30). Plaintiffs subsequently filed a motion for reconsideration (Ct. Rec. 34) and a motion for relief from judgment based on new evidence (Ct. Rec. 39).

**DISCUSSION**

**I. Reconsideration**

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912); *see, Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). The Federal Rules of Civil Procedure do not mention a "motion for reconsideration." Even so, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of entry of judgment. *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a Rule 60(b) motion. *See, United States v. Clark*, 984 F.2d 31, 34 (2d Cir. 1993).

A motion for reconsideration should not be used "to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc*., 215 F.R.D. 581, 582 (D. Ariz. 2003). *See, also, Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988) (holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been raised in opposition to summary judgment"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (same). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see, Novato Fire*

*Protection Dist. v. United States*, 181 F.3d 1135, 1142 n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000).

Here, Plaintiffs moved for reconsideration and relief from judgment over ten days after the Court entered its June 18, 2009 order. Plaintiffs' requests are thus Rule 60(b) motions. Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Based on Plaintiffs' assertions, relief is unavailable under Rule 60(b) in this case.

**II. Motion for Reconsideration (Ct. Rec. 34)**

Plaintiffs challenge section III and IV of the Court's June 18, 2009 order. (Ct. Rec. 30).

In section III of its June 18, 2009 order, the Court denied Plaintiffs' June 3, 2009 motion for summary judgment. (Ct. Rec. 30). The Court determined that Plaintiffs failed to follow the Court's local rules pertaining to motion practice and motions for summary judgment. (Ct. Rec. 30). The Court specifically found that Plaintiffs did not file a separate memorandum setting forth the points and authorities relied upon in support of the motion and failed to set forth separately from the memorandum of law, and in full, the specific facts relied upon in support of the motion. *Id*. In section IV of its order, the Court denied Plaintiffs' motion for sanctions. *Id*. The Court held that while Plaintiffs cited "CR 56(g)" in support of their sanctions request, Plaintiffs failed to allege or show that an

affidavit filed by Defendants was submitted in bad faith or solely for delay. *Id*. Plaintiffs argue these findings by the Court are unsupported. (Ct. Rec. 34).

While the Court acknowledges that Plaintiffs did file a pleading entitled "Memorandum of Facts, Points, and Authorities in Support of Plaintiffs' Motion for Summary Judgment" on June 16, 2009 (Ct. Rec. 24), this memorandum contained a total of two sentences and, as previously concluded by the Court, does not comply with the Court's local rules pertaining to motion practice and motions for summary judgment. With respect to Plaintiffs' motion for sanctions, as previously indicated by the Court, Plaintiffs' motion and memorandum (Ct. Rec. 25 and 26) fail to demonstrate that an affidavit filed by Defendants was submitted in bad faith or for delay. *See* Fed. R. Civ. P. 56(g). Plaintiffs' pleading entitled "Plaintiffs' Response to Defendants' Motion to Dismiss/Summary Judgment and Memorandum in Support of Both this Response and Plaintiffs' Motion for CR 56(g) Sanction" (Ct. Rec. 28) additionally fails to assert an affidavit filed by Defendants was submitted in bad faith or for delay.

The Court properly denied Plaintiffs' motions for summary judgment and for Rule 56(g) sanctions. Accordingly, Plaintiffs have not provided a proper basis for this Court to reconsider its June 18, 2009 order under Rule 60(b).

**III. Motion for Relief from Judgment (Ct. Rec. 39)**

Plaintiffs' July 31, 2009 motion for relief from judgment requests that this Court, under Rule 60(b), grant them the relief they have requested in their complaint based on "new evidence." (Ct. Rec.

39). Rule 60(b) permits a court to relieve a party from a judgment or order administered by that court. Fed. R. Civ. P. 60(b). Plaintiffs' motion does not request that this Court relieve Plaintiffs from an order or judgment this Court issued.[1] Accordingly, the motion is not proper.

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' motion for reconsideration (**Ct. Rec. 34**) is **DENIED**.

2. Plaintiffs' motion for relief from judgment (**Ct. Rec. 39**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and furnish copies to counsel and to Plaintiffs.

**DATED** this 18th day of August, 2009.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

[1] In fact, the "new evidence" submitted in Plaintiffs' motion for relief from judgment appears to have no relevance to the issues raised in Plaintiffs' complaint. The complaint in this lawsuit contends that the "central issue" is "the defendant lawyers' corruption of the chief judge . . . in [a] previous case." (Ct. Rec. 1 at 4). The facts asserted in the motion for relief from judgment do not appear to pertain to this issue.