UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL MAJOR, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>STOCKER, SMITH, LUCIANI & STAUB, et al.,<br><br>          Defendants. | No. CV-09-0140-FVS<br><br>ORDER |

**THIS MATTER** comes before the Court on Defendants' joint motions for an order dismissing Plaintiffs' case for lack of subject matter jurisdiction (Ct. Rec. 18) and for an order imposing sanctions on Plaintiffs for violating Fed. R. Civ. P. 11 (Ct. Rec. 31).  Plaintiffs are proceeding pro se.  Defendants Stocker, Smith, Luciani & Staub and Bohrnsen & Stowe are represented by Steven Robert Stocker, Defendant Maxey Law Office is represented by Andrew Charles Bohrnsen, and Defendant Mark D. Hodgson, attorney at law, is representing himself.

**BACKGROUND**

On May 6, 2009, Plaintiffs filed a complaint seeking damages against Defendants for conspiring to corrupt the federal and state courts.  (Ct. Rec. 1).  Plaintiffs allege that the defendant attorneys have expanded their ongoing conspiracy originating in the state courts to now include the United States District Court for the Eastern District of Washington.  Plaintiffs claim jurisdiction under the

ORDER - 1

First, Fourth, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution as well as 18 U.S.C. §§ 1951, 1961, 241 and 242, 28 U.S.C. § 1343, and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. (Ct. Rec. 1 ¶ 2). These are the same grounds Plaintiffs previously alleged for establishing jurisdiction in their case before Judge Whaley. (08-CV-0269-RHW, Ct. Rec. 1 ¶ 2).[1]

On June 9, 2009, Defendants jointly moved for an order dismissing Plaintiffs' case for lack of subject matter jurisdiction on the same grounds as those relied upon by Judge Whaley in the prior case. (Ct. Rec. 19). Defendants additionally moved for an order imposing sanctions on Plaintiffs for violating Fed. R. Civ. P. 11. (Ct. Rec. 31).

**DISCUSSION**

**I.    MOTION TO DISMISS**

   **A.    Legal Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (May 18, 2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). A claim has "facial plausibility" when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The "plausibility" standard asks for more than a sheer possibility that a defendant has acted as alleged. *Id*.

---

[1] Judge Whaley dismissed that action on April 13, 2009, finding Plaintiffs lacked subject matter jurisdiction. (08-CV-0269-RHW, Ct. Rec. 76).

ORDER - 2

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. The existence of subject matter jurisdiction is a question of law. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1340 (9th Cir. 2003). The Court assumes the lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed. 391 (1994).

There are two separate types of Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction: the "facial attack" and the "factual attack." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The facial attack is addressed to the sufficiency of the allegations of the complaint itself. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). On such a motion, the court is merely required to determine whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id*. With a factual attack, the Court may look beyond the complaint to matters of public record without converting the motion to dismiss to a motion for summary judgment. *White*, 227 F.3d at 1242. "It also need not assume the truth of the plaintiff's allegations." *Id.*

The Court construes Defendants' Rule 12(b) motion to dismiss as a factual challenge. Therefore, in evaluating the motion, the Court shall consider the following: (1) the prior state court cases; (2)

ORDER - 3

the pleadings and files on record in Plaintiffs' prior case before Judge Whaley (08-CV-0269-RHW); and (3) the pleadings and files on record in this matter.

**B.   Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, (1994). The presumption is that federal courts lack jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Id.*

**C.   Analysis**

Defendants argue the Court lacks subject matter jurisdiction over Plaintiffs' claims because the complaint fails to state a claim for relief under 42 U.S.C. § 1983. The Court finds that Plaintiffs' complaint fails to allege a cause of action under 42 U.S.C. §§ 1983, 1985, 1986 and 1988, as well as the other statutes asserted by Plaintiffs.

**1.   Plaintiffs' § 1983 Claim**

42 U.S.C. § 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of state law." *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970). To state a claim under 42 U.S.C. § 1983, therefore, Plaintiffs must establish (1) that they were "deprived of a right secured by the

Constitution or laws of the United States" and (2) that "the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999).

Plaintiffs' complaint alleges the attorney defendants acted under color of state law in their capacity as state officers of the court. However, a "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981) (citations omitted). "Although lawyers are generally licensed by the States, they are not officials of government by virtue of being lawyers." *Id.* at 319 n. 9, 102 S.Ct. at 450 n. 9 (internal quotations and citation omitted). Therefore, the status as an attorney or an officer of the court is not sufficient to bring Plaintiffs' actions under color of state law.

The Supreme Court has held that under certain limited circumstances, "[p]rivate parties who corruptly conspire with a [state actor] by, among other things bribing that state actor, act[] under color of state law within the meaning of § 1983[.]" *Dennis v. Sparks*, 449 U.S. 24, 29, 101 S.Ct. 183, 187, 66 L.Ed.2d 185 (1980). Even under this exception to the general rule, however, Plaintiffs' conclusory allegations are not sufficient to turn Defendants into state actors for purposes of § 1983.

In *Dennis*, a Texas state court issued an injunction preventing a property owner from extracting minerals from his land. The property owner, alleging that the injunction was illegal and the result of

ORDER - 5

bribery of the judge, sued in federal court the state court judge and the parties who bribed the judge. Although the judge was entitled to judicial immunity, the Supreme Court held that the private litigants accused of bribing the judge could still become state actors by conspiring with a judge to deprive other parties of their constitutional rights. *Id.* at 26-27, 101 S.Ct. at 185-186. *Dennis*, however, is clearly distinguishable from the instant matter.

In *Dennis*, the plaintiff's allegations of a corrupt conspiracy were specific and clearly supported by facts. *Id.* at 25-27, 101 S.Ct. at 185-186; *see Tahfs v. Proctor*, 316 F.3d 584, 592 (6th Cir. 2003) (noting that in *Dennis* a state appellate court had already found that the injunction was illegal and the result of bribery *before* the plaintiff filed his § 1983 action in federal court). In contrast, here, Plaintiffs have not alleged any facts indicating how or when Defendants conspired with each other, or any other specific fact indicating a conspiracy besides Plaintiffs' unsupported claim that the defendant lawyers bribed or corrupted Judge Whaley and/or his staff. Plaintiffs' uncorroborated allegations are insufficient to turn Defendants into state actors.

Because Defendants did not act under color of state law and Plaintiffs' allegations are insufficient to turn Defendants into state actors, the Court lacks subject matter jurisdiction over the individual Defendants pursuant to § 1983.

Furthermore, Plaintiffs also fail to establish subject matter jurisdiction pursuant to § 1983 over the defendant law firms. As noted by Judge Whaley, a law firm cannot be liable

ORDER - 6

under § 1983 for the actions of its lawyers based on a theory of respondeat superior, even if the defendant attorneys were acting under color of law. *Monell v. New York city of Soc. Serv.*, 436 U.S. 658, 691 (1978); (08-CV-0269-RHW, Ct. Rec. 76).

### 2. Plaintiffs' § 1985 claim

"Section 1985(3) provides a private civil remedy for persons injured by conspiracies to deprive them of their right to equal protection of the laws." *Canlis v. San Joaquin Sheriff's Posse Comitas*, 641 F.2d 711, 718 (9th Cir. 1981). Unlike § 1983, § 1985 does reach purely private conspiracies. *Griffin v. Breckenridge*, 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)).

To state a claim for relief under 42 U.S.C. § 1985(3), Plaintiffs must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, 828-829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. at 102-103, 91 S.Ct. at 1798). The second element of a § 1985(3) claim, as defined above, requires "some racial, or perhaps otherwise class-based, individiously discriminatory animus lay behind the conspirators' action."

ORDER - 7

*Griffin*, 403 U.S. at 102, 91 S.Ct. at 1798; *see Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

As concluded by Judge Whaley, Plaintiffs have not alleged facts showing class-based invidious discrimination. (08-CV-0269-RHW, Ct. Rec. 76 at 4). Plaintiffs have not demonstrated that an agreement was made or a conspiracy was formed for the purpose of depriving Plaintiffs of their rights based on their membership in a class entitled to protection under § 1985(3). Plaintiffs fail the "conspiracy" element because their conclusory allegations are insufficient to state a claim for racial or class-based invidiously discriminatory animus resulting in a conspiracy. Plaintiffs' invocation of § 1985 does not provide the Court with subject matter jurisdiction.

### 3. Plaintiffs' §§ 1986 and 1988 claims

42 U.S.C. § 1986 is designed to punish those who aid and abet violations of § 1985. Because Plaintiffs have failed to state a claim for violation of § 1985, their claim under § 1986 also fails. *See Farley v. Henderson*, 883 F.2d 709, 711 n. 2 (9th Cir. 1989) (stating that § 1986 claim is dependent upon predicate § 1985 claim); (08-CV-0269-RHW, Ct. Rec. 76 at 4).

42 U.S.C. § 1988 provides that in civil rights actions under §§ 1981, 1982, 1983, 1985, and 1986, the Court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Plaintiffs' failure to state any claims under §§ 1983, 1985, or 1986 renders invocation of § 1988 invalid.

### 4. Plaintiffs' other statutory jurisdictional claims

As held by Judge Whaley, Plaintiffs' reliance on 18 U.S.C. § 1961 is to no avail as the complaint fails to allege a civil RICO claim. In addition, 18 U.S.C. §§ 241, 242, and 1951 are criminal statutes that do not provide a basis for a federal civil lawsuit. (08-CV-0269-RHW, Ct. Rec. 76 at 4).

Based on the foregoing, Plaintiffs' have failed to establish that the Court has subject matter jurisdiction over this action. Accordingly, the Court finds that Plaintiffs' complaint shall be dismissed.

## II. MOTION FOR RULE 11 SANCTIONS

Federal Rule of Civil Procedure 11 provides that a trial court may sanction attorneys or parties for violating Rule 11 either upon its own initiative or by motion of a party. Fed. R. Civ. P. 11(c). In order to seek Rule 11 sanctions against another party, a party to a case must file a motion setting forth the "specific conduct alleged to violate subdivision b [of Rule 11]." Fed. R. Civ. P. 11. A motion for Rule 11 sanctions must be filed separately from any other motion. *Id.* Failure to comply with these requirements warrants denial of the requested sanctions. *Nagel v. ADM Investor Servs., Inc.*, 65 F.Supp.2d 740 (D.C. Ill. 1999); *Hadges v. Yonkers Racing Corps.*, 48 F.3d 1320 (2d Cir. 1995); *Burns v. Consolidated Amusement Co.*, 182 F.R.D. 609 (D.C. Haw. 1998).

Defendants motion requests that the Court enter an order finding that Plaintiffs' complaint violates the good faith/non-

ORDER - 9

frivolous requirements of Rule 11 and impose an appropriate sanction under the circumstances.  Defendants' joint request was filed as a separate motion and describes the specific conduct of Plaintiffs that allegedly violates Rule 11.  (Ct. Rec. 31).

On July 23, 2008, Spokane Superior Court Judge David Frazier determined that Plaintiffs' actions before that court constituted a blatant violation of Rule 11.  Judge Frazier held that Plaintiffs' claims were interposed for the purpose of harassing, inconveniencing and imposing an unwarranted financial penalty on Defendants.  The Court further held that Plaintiffs' case was representative of a pattern of groundless legal actions and motions filed with the court system for the obvious purpose of harassing, inconveniencing, and retaliating against individuals that have made decisions and/or taken lawful action contrary to Plaintiffs' interests.  The Court concluded that sanctions should be imposed to reflect the serious nature of Plaintiffs' conduct, compensate Defendants for costs, attorney's fees and other damages resulting from the improper conduct, and deter Plaintiffs' future engagement in such improper conduct and abuses of the system.  (Ct. Rec. 32, Exh. 1).

On March 9, 2009, Spokane Superior Court Judge Tari Eitzen additionally found that Plaintiffs' case before her was brought and prosecuted in violation of Rule 11.  Judge Eitzen awarded Defendants the reasonable costs and attorney's fees incurred in the defense of that action.  (Ct. Rec. 32, Exh. 3).

///

ORDER - 10

Apparently, the prior imposition of sanctions at the state court level has done little to deter Plaintiffs' continued abuse of the system.  Plaintiffs previously filed a complaint in federal court containing identical parties and assertions as this case, with the exception of the claim related to Judge Whaley.  That complaint was dismissed with prejudice for lack of subject matter jurisdiction.  It is thus apparent that the instant action was filed by Plaintiffs for the improper purpose of harassing Defendants by multiplying the number of proceedings and causing Defendants to pay to defend yet another action. Accordingly, the Court finds that Defendants' motion for Rule 11 sanctions shall be granted.  The Court holds that Plaintiffs are vexatious litigants.  Plaintiffs shall be prohibited from filing any further actions against these Defendants in this Court.  Defendants are additionally awarded their costs and reasonable attorney's fees for the defense of this action.

The Court being fully advised, it is **HEREBY ORDERED AS FOLLOWS**:

1. Defendants' joint motion to dismiss (**Ct. Rec. 18**) is **GRANTED**.

2. Plaintiffs' complaint is **DISMISSED with prejudice** for lack of subject matter jurisdiction.

3. Defendants' joint motion for Rule 11 sanctions (**Ct. Rec. 31**) is **GRANTED**.

///

///

ORDER - 11

     4.  Plaintiffs are determined to be vexatious litigants. Plaintiffs are prohibited from filing any further actions against these Defendants in this Court.

     5.  Defendants are entitled to their costs and reasonable attorney's fees for the defense of this action.  Defendants shall file appropriate documentation concerning costs and attorney's fees on or before **September 10, 2009**.  Plaintiffs will have an opportunity to respond to Defendants' filing by no later than **September 28, 2009**.

     **The parties are advised that the Court will not consider a motion for reconsideration of this order.  This matter has been fully litigated in this Court, and this case will be closed when the matter of costs and attorney's fees is concluded.**

     **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and to Plaintiffs.

     **DATED** this __19th__ day of August, 2009.

                          S/Fred Van Sickle
                          Fred Van Sickle
                    Senior United States District Judge

ORDER - 12